SAMUEL SHANGOLD, Plaintiff, *v.* BERT S. BERSON, Defendant.

Supreme Court, Kings County, February 10, 1925.

Unfair competition — action to restrain defendant — plaintiff purchased defendant's interest in partnership which was operated under name of " Bershan's "— defendant opened new store and advised prospective customers of his former connection — defendant did not use partnership list of customers — evidence shows that defendant is using his own name — injunction denied.

The plaintiff, who purchased defendant's interest in a copartnership which was conducted under the name of " Bershan's," and secured by the purchase the trade name and good will of the store, is not entitled to an injunction against the defendant on the ground that the defendant has entered into a similar business and has advised prospective customers of his former connection with " Bershan's," where it appears that the defendant's new store is beyond the restricted area specified in the agreement and that he did not make use of any list of customers belonging to the former copartnership, and since it appears also that the defendant distinctly stated in his notice to customers that he was opening a new store. Furthermore, the plaintiff cannot complain against the use by the defendant of his own name in connection with the new store, for the evidence does not show, as contended by the plaintiff, that the name used by the defendant is not his own name.

MOTION by plaintiff for a temporary injunction restraining the defendant from destroying the good will of his business, from infringing upon plaintiff's rights and from using the name of " Bert Berson."

*M. M. Gewertz,* for the plaintiff.

*J. A. Radeloff,* for the defendant.

HAGARTY, J.:

The parties formed a copartnership in 1922, and conducted a retail shoe business under the name of " Bershan's," at No. 141 West Thirty-third street, Manhattan, until 1924, when the copartnership was dissolved. Under the dissolution agreement plaintiff retained the trade name, the store, the lease of the store and the good will of the business. The dissolution agreement further provided that defendant should not engage in a similar business upon certain designated streets in the immediate vicinity. It seems that in the course of business a list of names and addresses

of customers was made and kept for mailing purposes. The defendant has since opened a " shoe salon " at Broadway and Ninetieth street, Manhattan, well beyond the restricted area, under the name " Bert Berson." At the opening, defendant mailed circular letters calling attention to his previous connection with " Bershan's," and advising that the recipient might confidently look to this " new salon " for the " most authentic footwear fashions of character," where the defendant will dedicate himself " to the higher ideals of service to meet your every preference " in shoes. Plaintiff complains because six of the old customers, one of whom is engaged to be married to plaintiff's brother, received this circular letter. The plaintiff's mailing list concededly contains 12,000 names. I do not think this shows an encroachment upon the good will of the old firm, especially since defendant denies that he took a copy of the list or used it for mailing purposes. Further, the notice specifically calls the reader's attention to the fact that defendant's store is new, and makes reference to defendant's previous connection with " Bershan's." Plaintiff also complains that defendant's name is not " Bert " Berson, but that it is " Samuel B." Berson, and that the assumed name is meant to deceive. Defendant states in his affidavit that " Bert " is his true name, and the fact remains that the defendant is sued in this action as " Bert S." Berson. The old firm name, now used by the plaintiff, is evidently a contraction of the names of the parties, and if the defendant had intended to deceive, his surname alone, to which he has an unquestioned right, would be more likely to accomplish the purpose. Motion denied, with ten dollars costs.